Joseph A. Creitz, Cal. Bar No. 169552
LAW OFFICE OF JOSEPH A. CREITZ, P.C.
22 Battery Street, Suite 1000
San Francisco, CA 94111
Email: joseph.creitz@gmail.com
Telephone: (415) 269-3675
Facsimile: (415) 513-4775

Attorney for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORAS KATRINA JAZRAWI**, <br><br> **Plaintiff,** <br><br> vs. <br><br> **GLASS MOUNTAIN CAPITAL, LLC**, a Delaware Limited Liability Company, and <br> **NELSON & KENNARD**, a California business entity of unknown form. <br><br> **Defendants.** | **Case No. 08-CV-0186 MHP** <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, and pendant state claims for violations for VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION ACT, BREACHES OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br><br> **and** <br><br> **REQUEST FOR JURY TRIAL** |

Now comes Plaintiff Oras Katrina Jazrawi, who alleges as follows:

**PARTIES**

1.    Plaintiff Oras Jazrawi is and at all times relevant hereto was an individual with residing in San Diego County, California.  At all times relevant hereto Plaintiff was a "consumer" within the meaning of 15 U.S.C. section 1692a(2).

3.    Defendant GLASS MOUNTAIN CAPITAL, LLC is a Delaware limited liability company with offices in Petaluma and San Francisco, California.  GLASS MOUNTAIN is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1962a(6), and California Civil Code 1788.2(c).  Glass Mountain Capital is further specifically engaged in the business of buying and selling portfolios of "charged-off" consumer debt.

4.    Defendant NELSON & KENNARD is a law firm specializing in collections, and a business entity of unknown form, with its principal place of business in Sacramento, California.  NELSON & KENNARD is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1962a(6).  In committing the acts and/or omissions alleged below, Defendant NELSON & KENNARD was at all times acting on behalf of and as an agent of Defendant GLASS MOUNTAIN.

**SUBJECT MATTER JURISDICTION**

8.    Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331.

**VENUE**

9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3).

**FACTUAL ALLEGATIONS**

10.    In or about 1998 when she was in college, Defendant CITIBANK issued Plaintiff Oras Jazrawi a consumer credit card account targeted at college

1    students (the "account").  The account constituted a "debt" as that term is

2    defined in 15 U.S.C. section 1692a(5).  The credit limit on the account was

3    approximately $350.  Plaintiff made charges on the account, and payments on

4    the account, but in or about 1999 she became financially unable to continue

5    making payments, in part because the interest rate on the card was very high.  In

6    1999, Plaintiff stopped making payments on the account altogether after

7    CITIBANK refused her request to negotiate the interest rate or otherwise help

8    her to lower the monthly payments.  Plaintiff never subsequently made any

9    payments to CITIBANK on the account.

10           11.    On or about September 30, 2004, CITIBANK, for consideration in

11   the form of monetary remuneration, assigned the account to NCOP Capital, Inc,

12   a Nevada business and purchaser of portfolios of charged-off consumer debt.

13   Thereafter, also on or about September 30, 2004, NCOP Capital, Inc., for

14   consideration in the form of monetary remuneration, assigned the account to

15   Risk Management Alternatives Portfolio Services, LLC, a Delaware LLC with

16   its principal place of business in Duluth Georgia, also a purchaser of portfolios

17   of charged-off consumer debt.  Subsequently, on or about October 27, 2004,

18   Risk Management Alternatives Portfolio Services, for consideration in the form

19   of monetary remuneration, assigned the account to RamCo.  In spring of 2005,

20   Plaintiff paid to RamCo, through its attorneys Patenaude & Felix, $350.00 on

21   the account.  At that point, Plaintiff had more than paid off the original principal

22   amount of the debt, and an remaining obligation thereon consisted solely of

23   accrued interest, and interest on interest.  On or about June 16, 2006, for

24   consideration in the form of monetary remuneration, Defendant RamCo

25   assigned the account to Defendant GLASS MOUNTAIN, who purchased it for

26   pennies on the dollar, and then sued plaintiff to collect it.

27           18.    In late spring or early summer 2007 a process server left with

28   Plaintiff's sister a copy of a summons and complaint in a lawsuit directed at

Plaintiff ORAS JAZRAWI, and denominated GLASS MOUNTAIN CAPITAL, LLC v. ORAS GEORGE, San Diego Superior Court Case No. 37-2007-65774-CL-CL-CTL ("the San Diego Suit"). (George is Plaintiff's maiden name). The San Diego Suit was filed by Defendant NELSON & KENNARD, on behalf of GLASS MOUNTAIN. The Complaint in the San Diego Suit was verified by Gloria Zarco, an attorney at NELSON & KENNARD. California Code of Civil Procedure section 446 permits attorney verification in lieu of party verification only where it is impractical or impossible for the party to verify the Complaint itself. Discovery in the San Diego suit produced testimony binding upon Glass Mountain Capital that its representative was at all times available to verify the complaint. Thus, the attorney-signed verification to the Complaint was improper and implicitly false. The San Diego suit is ongoing. That suit seeks over $2,000.00 against Plaintiff, and alleges that it is attempting to collect the outstanding balance of the Citibank credit card account referenced above.

19.     Prior to receipt of the filed complaint in the San Diego Suit, neither NELSON & KENNARD nor GLASS MOUNTAIN contacted Plaintiff to warn her that anyone was contemplating suing her, or offering her an opportunity to verify the debt, or discuss the debt or the lawsuit prior to its filing.

20.     After receiving the Complaint in the San Diego Suit, Plaintiff Oras Jazrawi called Defendant NELSON & KENNARD at the phone number provided on the complaint to ask what it was about. She spoke to an individual in the employ of NELSON & KENNARD who told her that his name was David Schneider. Mr. Schneider was abusive towards Plaintiff Oras Jazrawi. He told her that she was "stupid," that if she did not settle the lawsuit he was going to "ruin [her] for the next ten years," and that he had "no sympathy for [her] and judge wouldn't either." Each of these statements was false and was known by Defendant NELSON & KENNARD to have been false at the time the statements were made. Subsequently, Plaintiff called back and spoke to a different

1  individual at NELSON & KENNARD named Judi or Judy, who told her that
2  they would not accept partial payments on the debt, and they would not
3  compromise the debt.

**FIRST CLAIM FOR RELIEF:**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

**(against all Defendants)**

7  29.    Plaintiff realleges and incorporates each prior allegation contained
8  in this Complaint as if set forth with particularity in this Claim for Relief.

9  30.    The Fair Debt Collection Practices Act (FDCPA) prohibits debt
10  collectors from engaging in, *inter alia*, the following conduct: harassing,
11  oppressive or abusive conduct, 15 U.S.C.A. § 1692d; false, deceptive, or
12  misleading representations, 15 U.S.C. § 1692e; and unfair or unconscionable
13  collection methods, 15 U.S.C. § 1692f.

14  31.    When NELSON & KENNARD's employee called Plaintiff
15  "stupid," told her that he would "ruin her for 10 years," and stated that neither
16  no judge would have any sympathy for her, Defendants NELSON &
17  KENNARD and GLASS MOUNTAIN violated 15 U.S.C. sections 1692d,
18  1692e and 1692f.  As a consequence of these violations of the FDCPA, Plaintiff
19  has suffered injuries.

20  32.    When NELSON & KENNARD attorney Gloria Zarco verified the
21  Complaint in the San Diego Suit despite her clients availability to do so, she
22  violated 15 U.S.C. section 1692e and 1692f.

23  32.    Wherefore, Plaintiff is entitled to relief as set forth in her Prayer,
24  below.

25  / / /
26  / / /
27  / / /
28  / / /

## SECOND CLAIM FOR RELIEF:
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## (against all Defendants)

33.    Plaintiff realleges and incorporates each prior allegation contained in this Complaint as if set forth with particularity in this Claim for Relief.

34.    15 U.S.C section 1692g(a) mandates as follows

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)    the amount of the debt;

(2)    the name of the creditor to whom the debt is owed;

(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35.    By filing and serving a lawsuit without previously or subsequently providing any communication to Plaintiff Oras Jazrawi fulfilling the requirements of 15 U.S.C. section 1692g, Defendants NELSON & KENNARD

1    and GLASS MOUNTAIN violated 15 U.S.C. sections 1692g.  As a consequence

2    of these violations of the FDCPA, Plaintiff has suffered injuries.

3        36.    Wherefore, Plaintiff is entitled to relief as set forth in her Prayer,

4    below.

### THIRD CLAIM FOR RELIEF:
### PENDANT STATE CLAIM FOR BREACH OF THE IMPLIED
### COVENENANT OF GOOD FAITH AND FAIR DEALING
### (against DEFENDANT MOUNTAIN CAPITAL)

8        49.    Plaintiff realleges and incorporates each prior allegation contained

9    in this Complaint as if set forth with particularity in this Claim for Relief.

10        50.    CITIBANK extended the account to Plaintiff pursuant to a written

11    agreement.  Each subsequent purchaser of the account, including GLASS

12    MOUNTAIN CAPITAL, is an assignee under that agreement, bound by its

13    terms.

14        51.    Every contract entered into under the laws of California and/or

15    South Dakota has implied in it a covenant of good faith and fair dealing

16    requiring that the parties to the agreement treat one another in good faith.

17        52.    In committing the acts herein alleged, Defendants breached the

18    covenant of good faith and fair dealing, as a direct and proximate result of which

19    breach Plaintiff has suffered injuries.

20        53.    The breaches of the covenant of good faith and fair dealing herein

21    alleged were knowing and willful, or at a minimum reckless, so as to subject to

22    defendants to an award of punitive damages.

23        54.    Wherefore, Plaintiff is entitled to relief as set forth in her Prayer,

24    below.

25    / /

26    / / /

27    / / /

28    / / /

ORAS JAZRAWI v. GLASS MOUNTAIN CAPITAL, et al., FIRST AMENDED COMPLAINT

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH CLAIM FOR RELIEF
## PENDANT STATE CLAIMS FOR VIOLATIONS OF
## THE CALIFORNIA UNFAIR COMPETITION ACT
### (against all Defendants)

60.    Plaintiff realleges and incorporates each prior allegation contained in this Complaint as if set forth with particularity in this Claim for Relief.

61.    The California Unfair Competition Act ("UCA") prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. and Prof. Code § 17200, *et seq.* Section 17203 of the UCA allows courts to enter orders enjoining any unfair or unlawful act that violates the UCA and to award restitution to all persons injured by such acts.

62.    Each of the Defendants sued herein has engaged in, is engaged in, and will in the future engage in the following unlawful unfair business acts and practices, each of which independently constitutes Unfair Competition: attempting to collect consumer debts in breach of the implied contractual covenant of good faith and fair dealing; using harassing, oppressive or abusive conduct in violation of 15 U.S.C.A. section 1692d; false, deceptive, or misleading representations in violation of 15 U.S.C. section 1692e; unfair or unconscionable collection methods in violation 15 U.S.C. section 1692f; failing to adhere to the requirements of 15 U.S.C. section 1692g, in violation thereof; having attorneys sign verifications on behalf of clients that are available to execute those verifications themselves, in violation of 15 U.S.C section 1692e, and of Rule 5-200 of the California Rules of Professional Conduct for attorneys (duty of candor before the court).

63.    Plaintiff Oras Jazrawi has suffered injury in fact as a result of the acts of unfair competition herein alleged, and brings this Claim for Relief on her own behalf, and as a representative claim or relief on behalf of others similarly injured by the like conduct of the Defendants, and each of them, pursuant to

California Business and Professions Code sections 17203 and 17204.  As a result, an order enjoining Defendants' acts of Unfair Competition as herein alleged, and an order compelling Defendants to pay to all injured persons (by way of disgorgement, restitution or otherwise) all moneys improperly earned or taken by such acts of Unfair Competition, are appropriate.

64.    If successful, pursuant to fees California Code of Civil Procedure section 1021.5, prosecuting this Claim for Relief will result in the enforcement of a right affecting the public interest; will confer a significant benefit on the general public or on a large class of persons; the necessity and burden of private enforcement are such as to make an award of attorney's fees appropriate; and such attorney's fees should not in the interest of justice be paid out of any recovery.

65.    Wherefore, Plaintiff is entitled to relief as set forth in her Prayer, below.

**FIFTH CLAIM FOR RELIEF**
**PENDANT STATE CLAIM FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against the Debt Collector Defendants)**

66.    Plaintiff realleges and incorporates each prior allegation contained in this Complaint as if set forth with particularity in this Claim for Relief.

67.    Defendants' conduct as alleged herein was outrageous, wanton and intentional, and undertaken for the purpose of injuring Plaintiff.

68.    As a direct and proximate result of Defendants outrageous, wanton and intentional conduct, Plaintiff has suffered severe emotional injuries and distress

69.    Wherefore, Plaintiff is entitled to relief as set forth in her Prayer, below.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH CLAIM FOR RELIEF
## PENDANT STATE CLAIM FOR
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (against all defendants)

70.     Plaintiff realleges and incorporates each prior allegation contained in this Complaint as if set forth with particularity in this Claim for Relief.

71.     Defendants' conduct as alleged herein was outrageous, wanton negligent and reckless, and undertaken with reckless disregard of Defendants' duties to Plaintiff and the risk that such conduct would result in serious emotional injury to Plaintiff.

72.     As a direct and proximate result of Defendants' outrageous, wanton, negligent and reckless conduct, Plaintiff has suffered severe emotional injuries and distress.

73.     Wherefore, Plaintiff is entitled to relief as set forth in her Prayer, below.

## REQUEST FOR JURY TRIAL

Plaintiff specifically requests that the claims herein alleged, and each of them, be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against each and every Defendant on each and every Claim for Relief against such Defendant, and for the following relief:

## ON THE FIRST CLAIM FOR RELIEF

A.      Award Plaintiff her actual damages in an amount subject to proof at trial;

B.      Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

ORAS JAZRAWI v. GLASS MOUNTAIN CAPITAL, et al., FIRST AMENDED COMPLAINT

10

    C.    Award Plaintiff her attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1692k(a)(3)

    D.    Award such other and further relief as the Court deems just and proper.

**ON THE SECOND CLAIM FOR RELIEF**

    A.    Award Plaintiff her actual damages in an amount subject to proof at trial;

    B.    Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Award Plaintiff her attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1692k(a)(3)

    D.    Award such other and further relief as the Court deems just and proper.

**ON THE THIRD CLAIM FOR RELIEF**

    A.    Award Plaintiff and the class their actual damages suffered;

    B.    Award exemplary and punitive damages in an amount sufficient to punish Defendants' for their conduct and to deter like conduct by them or by others in the future;

    C.    Award Plaintiff and the Class their costs of suit herein incurred;

    D.    Award such other and further relief as the Court deems just and proper.

**ON THE FOURTH CLAIM FOR RELIEF**

    A.    Permit Plaintiff to prosecute the Fourth Claim for Relief as a representative action on behalf of all persons similarly injured pursuant to Cal. Bus. and Prof. Code § 17203;

    C.    Enjoin the Defendants from engaging in all acts herein alleged that constitute unfair and/or unlawful competition pursuant to Cal. Bus. and Prof. Code section 17200;

D.     Order disgorgement by Defendants of all moneys taken by them from any person in California by way of their unfair and/or unlawful business practices;

E.     Award Plaintiff her reasonable attorney's fees under Cal. Civil Code § 1021.5 and otherwise;

F.     Award Plaintiff and the class their costs of suit incurred herein;

G.     Award such other and further relief as the Court deems just and proper.

**ON THE FIFTH CLAIM FOR RELIEF**

A.     Award Plaintiff her actual damages suffered;

B.     Award exemplary and/or punitive damages in an amount sufficient to punish Defendants' for their conduct and to deter like conduct by them or by others in the future;

C.     Award Plaintiff her costs of suit incurred herein;

D.     Award such other and further relief as the Court deems just and proper.

**ON THE SIXTH CLAIM FOR RELIEF**

A.     Award Plaintiff her actual damages suffered;

B.     Award Plaintiff her costs of suit incurred herein;

C.     Award such other and further relief as the Court deems just and proper.

DATED this 2nd day of May, 2008.

Respectfully submitted,
LAW OFFICE OF JOSEPH A. CREITZ, P.C.

/s/ Joseph A. Creitz
Joseph A. Creitz
Attorney for Plaintiff